UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,　　　　　　　　　　　　No. CR 05-340 PJH

  v.

LAVELL HOWARD,　　　　　　　　　　　　**FINAL PRETRIAL ORDER**

    Defendants.
_____/

This matter came before the court for a pre-trial conference on August 31, 2005. At the hearing, the court ruled on several evidentiary motions as stated on the record and summarized below.

**Defendant's Motions in Limine**

**I.  Motion to Produce Relevant OCC Complaints and Permission to Inquire into Relevant Complaints**

The court will review the documents produced with the assistance of an SFPD custodian of records to determine which documents are responsive to defendant's requests. As noted at the hearing, the court is unlikely to admit unsustained complaints pursuant to Federal Rule of Evidence 403(b).  The court reserves ruling on this issue.

**II.  Motion in Limine to Exclude Witnesses and Requiring Testimony of Case Agent Before Other Witnesses**

For the reasons stated on the record, defendant's motion is DENIED.

**III.  Motion in Limine Requesting Exclusion of Expert Testimony**

Defendant's motion to exclude testimony from the interstate commerce expert is DENIED as moot.  Defendant's motion to exclude testimony from a fingerprint expert

regarding the absence of fingerprints on firearms is DENIED.  However, the government's expert will be limited to expert testimony based on his own experiences.

### IV. Motion in Limine to Exclude Currency and Marijuana Seized During Search Incident to Arrest

The court GRANTS defendant's motion.  If necessary, the government may ask the court to reconsider the issue following presentation of the defendant's case.

### V. Motion in Limine Requesting Exclusion of Prior Bad Acts

Defendant's motion is GRANTED as no prior bad acts have been identified; however, should defendant testify, evidence of a subsequent arrest may become relevant.  In that case, the government may request that the court revisit the issue.

### VI. Motion in Limine to Exclude Evidence of Priors

This motion is DENIED as moot.  The parties have agreed to stipulate that in eliciting any information regarding defendant's prior felony convictions pursuant to FRE 609(b), the government will limit its cross-examination to the fact of the convictions and will not elicit any information regarding the details or nature of the convictions.

### VII. Motion in Limine to Exclude Undisclosed Evidence under Rule 16

This motion is DENIED as moot.

**Government's Motions in Limine:**

### I. Preclude Defendant from Referencing Punishment During Trial

The government's motion is GRANTED; however, the parties agree that defendant may refer to the pending charges as "serious."

### II. Requiring Defendant to Comply with Reciprocal Discovery Requirements

**A.   Preclude Defendant from introducing evidence that should have been produced pursuant to reciprocal discovery obligations of Rule 16(b);**

This motion is DENIED as moot.

2

**B.     Requiring Production of prior statements of defense witnesses pursuant to Rule 26.2**

The motion is DENIED as moot regarding lay witnesses, and GRANTED with respect to defendant's expert witness(es).

**III.    Motion in Limine Requesting Exclusion of Expert Testimony**

This motion is GRANTED in part and DENIED in part.  Defendant is permitted to call one expert witness ONLY regarding the habits of persons who possess contraband.

**IV.    Motion in Limine Regarding Evidence of Third Party Culpability**

The motion is DENIED without prejudice at this time.  The court may revisit the issue if necessary.

**IT SO ORDERED.**

Dated: September 1, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

3